UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JORDAN WILLIAMS                                                                PETITIONER
ADC #164235

V.                                       No. 4:21-CV-694-JTR

DEXTER PAYNE,
Director, Arkansas Division of Correction                      RESPONDENT

## MEMORANDUM OPINION[1]

### I.   Background

On May 25, 2016, a Hempstead County, Arkansas jury convicted petitioner Jordan Williams ("Williams") of two counts of aggravated robbery, one count of aggravated residential burglary, one count of first-degree battery, two counts of second-degree burglary, one count of interference with emergency communication, and one count of theft of property valued at less than $1,000. *Doc. 8-2 at 52–81, 620–625*. The jury sentenced him to a total of fifty years' imprisonment in the Arkansas Department of Corrections. *Doc. 8-2 at 625*.

Williams, through counsel, appealed to the Arkansas Court of Appeals, alleging that "the circuit court erred in denying his motion for directed verdict, denying his motion to suppress, and denying his Batson challenge." *Jordan Williams*

---

[1] The parties consented to the jurisdiction of United States Magistrate Judge. *Doc. 9*.

*v. State*, 2018 Ark. App. 277, 1; *Doc. 8-3*. On May 2, 2018, the Arkansas Court of Appeals affirmed his convictions. *Id.*

Williams did not seek review from the Arkansas Supreme Court. Accordingly, on May 22, 2018, the Court of Appeals issued its Mandate. *Doc. 8-5*.

On July 27, 2020, Williams filed a *pro se* Rule 37 Petition under Arkansas Rule of Criminal Procedure 37.1 and a Motion for Transcript of Rule 37 Proceedings. *Doc. 8-6*. Because the Petition was not timely filed, the trial court denied Williams' Petition for lack of jurisdiction on September 3, 2020. *Doc. 8-7*.[2]

On May 17, 2021, Williams filed a *pro se* Motion for Belated Appeal of the denial of his Rule 37 Petition. *Doc. 8-8*.[3] The Arkansas Court of Appeals denied the Motion on July 14, 2021. *Doc. 1 at 17*.

Williams, proceeding without the assistance of counsel, filed this § 2254 habeas action on August 2, 2021. *Doc. 1*. In his Petition, he alleges that:

(1)   he was unable to obtain the trial transcript he needed to prove his trial counsel was ineffective;

(2)   he was not read his *Miranda* rights prior to giving a confession;

---

[2] The Rule 37 Petition was required to be filed within sixty days of the date the mandate was issued by the Court of Appeals. Ark. R. Civ. P. 37.2(c)(ii). Because sixty days from the May 22, 2018 Mandate fell on Saturday, July 21, 2018, Williams Rule 37 Petition was due by the following Monday, July 23, 2018. *See* Ark. R. Crim. P. 1.4. Consequently, Williams' Rule 37 Petition filed on July 27, 2020 was more than *two years* past the filing deadline.

[3] To timely appeal the denial of his Rule 37 Petition, Williams was required to file his notice of appeal by Monday, October 5, 2020. Ark. R. App. P. Crim. 2(a)(4); Ark. R. App. P. Crim. 17. His May 17, 2021 Motion for Belated Appeal was filed more than *seven months* past the filing deadline.

 (3) his trial counsel was ineffective for failing to:

  (a) investigate the evidence against him;

  (b) impeach the State's witnesses with prior inconsistent statements; and

  (c) raise the *Miranda* violation argument in court; and

 (4) "the court did not prove beyond a reasonable doubt that [he] was the perpetrator in crime."

*Doc. 1 at 5–9.*

Respondent Payne filed a Motion to Dismiss, in which he argues that Williams' Petition is barred by the applicable statute of limitations. *Doc. 7*. Williams has filed a Response. *Doc. 11*. Thus, the issues are joined and ready for disposition.

For the reasons explained below, the Court concludes that Williams' habeas Petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and dismisses the Petition, with prejudice.

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, including this one, the limitations period begins to run from the later of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.*

3

The Arkansas Court of Appeals decided Williams's direct appeal on May 2, 2018, and his time to seek review of the decision by the Arkansas Supreme Court expired nineteen days later, on Monday, May 21, 2018. Ark. Sup. Ct. R. 2-4(a) (2018).[4] Williams did not seek review from the Arkansas Supreme Court.

Therefore, the one-year federal statute of limitations began to run on May 22, 2018, the day after the time expired for Williams to seek review from the Arkansas Supreme Court on the Arkansas Court of Appeals' affirmance of his convictions on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires). Williams had one year from May 22, 2018, or until May 21, 2019, to initiate this habeas action. Because he did not initiate this habeas action until July 28, 2021, more than two

---

[4] During the relevant time period, Rule 2-4(a) of the Rules of the Supreme Court and the Court of Appeals of the State of Arkansas read:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within *18* calendar days from the date of the decision regardless of whether a petition for rehearing is filed with the Court of Appeals.

Ark. Sup. Ct. R. 2-4(a) (2018) (emphasis added). Eighteen days from February 14, 2018 was Sunday, March 4, 2018. When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. Crim. R. 17.

For decisions issued on or after July 1, 2019, the Rule has been modified:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be electronically filed within 10 calendar days after the end of the Court of Appeals rehearing period.

Ark. Sup. Ct. R. 2-4(a) (2019).

years past the statutory deadline, his habeas Petition is time barred unless the Court determines there was applicable statutory or equitable tolling which extended the one-year limitations period.

## B. Tolling

### 1. *Statutory Tolling*

The AEDPA provides for tolling during the pendency of a "*properly filed* application for State postconviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). When a state court rejects a postconviction application as untimely, it is not "properly filed" for purposes of statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005).

Williams filed a Rule 37 Petition on July 27, 2020—more than two years past the deadline to do so under Arkansas law. Because the state trial court denied the Rule 37 Petition as untimely, it was not "properly filed."

Accordingly, the AEDPA's one-year limitations period for Williams to file his § 2254 petition was not subject to any statutory tolling.

### 2. *Equitable Tolling*

The limitations period may also be equitably tolled if a habeas Petitioner can show that he diligently pursued his rights, but that some extraordinary circumstances

5

stood in his way and prevented timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (*quoting Holland v. Florida*, 560 U.S. 631, 649 (2010)). It is Williams' burden to prove he is entitled to this "exceedingly narrow window of relief." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Williams argues that, if he filed his habeas Petition outside the limitation period, it was "due to lack of documents." *Doc. 11 at 1*. Specifically, he contends that: he needed "the trial transcript in order to show that [his] attorney was indeed ineffective;" and he and his dad contacted his trial attorney several times to try to obtain the transcript but were unsuccessful. *Id.*

From the record, it appears that Williams started requesting "forms" related to his criminal case as early as June 17, 2016, when his appointed public defender was preparing his direct appeal. *Doc. 8-2 at 638*. On January 9, 2017, still during the pendency of this direct appeal, the Hempstead County Circuit Clerk's office received a letter from Williams in which he: wanted to make sure his appointed attorney had requested an extension of time to lodge the record for his direct appeal; and requested a copy of the circuit court docket sheet. *Doc. 8-2 at 629*. Then, in his July 2020 Rule 37 Petition, Williams alleged that he had "been trying unsuccessfully [to] obtain[] [his] trial transcript from [his] attorney and from the Hempstead County Clerk's Office." *Doc. 8-6 at 2*.

Williams' argument for equitable tolling fails for two reasons. First, *a few* requests over a *four-year* period falls far short of the evidence necessary for Williams to prove he was *diligently* pursing his rights.

Second, because Williams was *not* required to obtain his trial transcript before initiating these § 2254 habeas proceedings, he cannot rely on a "lack of documents" as an excuse for filing his habeas Petition more than two years outside the AEDPA's limitations period. *Jihad*, 267 F.3d at 806 ("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Accordingly, the AEDPA's one-year limitations period for Williams to file his § 2254 petition was not subject to any equitable tolling.

### III.    Conclusion

Williams filed his § 2254 Petition outside the AEDPA's one-year limitations period and he is not entitled to statutory or equitable tolling.[5]  IT IS THEREFORE ORDERED THAT:

1.    Respondent Payne's Motion to Dismiss (*Doc. 7*) is GRANTED.

---

[5] Williams does not contend that he is actually innocent of the underlying criminal convictions. Accordingly, the Court need not address the actual innocence exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations.).

2. Williams's Petition for Writ of Habeas Corpus (*Doc. 1*) is DISMISSED, *with prejudice*, as time barred.

3. A certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

DATED this 28th day of June, 2022.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE